UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOHN ISBELL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:14-CV-006-BL |
| | § § | |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | § § § | |
| Defendant. | § § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff John Isbell (Isbell or Plaintiff) seeks judicial review of the decision by the Commissioner of Social Security (Commissioner) denying his application for a period of disability and disability insurance benefits under Title II, and supplemental security income (SSI) under Title XVI of the Social Security Act (Act). The United States District Judge ordered the case be reassigned to this court pursuant to 28 U.S.C. § 636(c). (Doc. 5). After considering all the pleadings, briefs, and administrative record, this court recommends the decision of the Commissioner be affirmed and Plaintiff's complaint be dismissed.

## I. STATEMENT OF THE CASE

Plaintiff originally filed his Title II claim on September 27, 2010 (Doc. 15-6, pp. 4–12), and his Title XVI claims on September 29, 2010 (Doc. 15-6, pp. 2–3). *See* Tr. 16. The Commissioner denied his claim initially on January 10, 2011, (Doc. 15-5, pp. 2–7), and again upon reconsideration on May 12, 2011. *Id.* at 11–14. Plaintiff appealed and a hearing was conducted by an Administrative Law Judge (ALJ) on August 1, 2012. (*See* Doc. 15-3, pp. 29–

1

44). On August 28, 2012, the ALJ issued his disability determination. *Id.* at 17–24.

Specifically, the ALJ held that Plaintiff: did not engage in any substantial gainful activity after his alleged onset date; had various severe impairments, none of which alone or in combination met a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1; had the residual functional capacity (RFC) to perform light work with several restrictions; and could not perform any of his past relevant work. *Id.* at 19–23. However, the ALJ determined that given Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform, and Plaintiff was accordingly not disabled under the Act. *Id.* at 24.

The Appeals Council denied review on November 4, 2013. *Id.* at 6–9. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

Prior to his alleged disability, Plaintiff held essentially heavy labor jobs. He briefly worked at Target replacing a section of roof, and he worked for a corrosion elimination company operating a sandblaster. (Doc. 15-3, pp. 33–34). Primarily, however, Plaintiff worked at a cattle auction, helping to move cattle from one area to another, opening and closing gates, for example. *Id.* at 33. Plaintiff stopped working for the cattle auction when he was stepped on by a cow. *Id.* at 40. Injuries resulting therefrom, in addition to a myriad of other health conditions, left Plaintiff with significant neck and back problems. Plaintiff claims in his application that such neck and back problems render him disabled.

## III. STANDARD OF REVIEW

A person is disabled if he is unable "to engage in any substantial gainful activity by

2

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452.).

## IV. DISCUSSION

Plaintiff raises a single issue on appeal to this court. Plaintiff claims the ALJ failed to fully and fairly develop the record when he did not order a consultative examination.

### A. LAW

"The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *accord Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).[1] Developing the record may include ordering a consultative exam. *Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989); 20 C.F.R. §§ 404.1512(e), 416.912(e). When evidence in the record supports a conclusion that appellant is not disabled, a consultative exam is not necessary. *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977); *see Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (citing *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987)) ("The decision to require such an examination is within the discretion of the ALJ.").

---

[1] The court notes that claimant was represented by counsel at the administrative hearing. Tr. 30. Therefore, no "heightened duty to scrupulously and conscientiously explore all relevant facts" arose. *Castillo v. Barnhart*, 325 F.3d 550, 552–53 (5th Cir. 2003).

4

A consultative exam is not required unless the record establishes that such exam is necessary to enable the ALJ to make the disability decision. *Brock*, 84 F.3d at 728; *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) (citing *Turner*, 563 F.2d at 671). "A consultative examination becomes 'necessary' only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *Brock*, 84 F.3d at 728 (citing *Jones*, 829 F.2d at 526.

### B. APPLICATION
#### 1. Suspicion of an Impairment

First, Plaintiff misconstrues the relevant inquiry. He argues that the evidence raises a suspicion that his impairments are of such severity that they meet a listing. Pl.'s Br. 8. Specifically, Plaintiff states, "even the limited evidence of record provides more than sufficient evidence to raise a suspicion that Plaintiff's severe impairments may meet or medically equal the severity requirements of Listing 1.04." *Id.*

For one thing, Plaintiff does not specify what portion of the listing to which he refers, be it 1.04(a), (b), or (c). More to the point, the listing itself is not a non-exertional impairment. *See Brock*, 84 F.3d at 728; 20 C.F.R. Part 404, Subpart P, Appendix 1. A consultative exam is necessary only when a claimant presents evidence sufficient to raise a suspicion of an impairment; the exam is not mandated when a claimant presents evidence he claims is sufficient to show his impairment is severe enough to equal a listing. *Brock*, 84 F.3d 726; *see* 20 C.F.R. §§ 404.1520(a), 416.920(a).

Plaintiff relies on *Mapps v. Astrue*, 2010 U.S. Dist. LEXIS 47388, 2010 WL 1946662 (N.D. Tex. Apr. 30, 2010). *See* Pl.'s Br. 8.[2] The *Mapps* court stated the ALJ's duty to fully and

---

[2] Plaintiff cites to a portion of *Abbott v. Astrue*, 2011 U.S. Dist. LEXIS 104562, at *9, 2011 WL 4337129, at *3 (N.D. Tex. Aug. 24, 2011), which is quoted from *Mapps v. Astrue*.

fairly develop the facts "includes a responsibility to develop a complete medical history for the relevant period. When necessary information is not readily available from the claimant's records or the Commissioner is unable to obtain clarification from a medical source, the duty includes ordering a consultative examination." *Mapps*, 2010 U.S. Dist. LEXIS 47388, at *27, 2010 WL 1946662, at *10.

In *Mapps*, the impairment in question was mental retardation. *Id.* A 2008 psychological evaluation suggested the claimant suffered from such impairment. *Id.* The claimant alleged that the 2008 psychological evaluation constituted sufficient evidence to raise a suspicion of said impairment. *Id.* Therefore, the claimant argued the ALJ should have ordered a consultative exam to investigate the impairment. *Id.* The court agreed that the evaluation raised a reasonable suspicion of mental retardation, noting, for example, "the ALJ recognized that he 'probably should have' sent Plaintiff for a consultative examination.'" *Id.*

As the Commissioner notes, unlike the claimant in *Mapps*, Plaintiff does not allege that he suffers from a non-exertional impairment at all. *See* Def.'s Br. 7. Unlike the claimant in *Mapps*, Plaintiff does not show that "necessary information" was "not readily available from the claimant's records or the Commissioner is unable to obtain clarification from a medical source." *See id.*; *Brock*, 84 F.3d at 728; *Ripley*, 67 F.3d at 557. Of moment to his argument, Plaintiff fails to present facts that raise a suspicion of a non-exertional impairment. *See Brock*, 84 F.3d at 728 (citing *Jones*, 829 F.2d at 526. Accordingly, Plaintiff fails to show that a consultative exam was necessary. *Id.*; *Anderson*, 887 F.2d at 634.

2. Substantial Evidence

Second, an allegation that the ALJ failed to fully and fairly develop the record is a substantial evidence issue. *See Brock*, 84 F.3d at 728. Remand for lack of substantial evidence

6

requires a claimant to show "(1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) the claimant was prejudiced thereby." *Id.* (citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)).

Plaintiff fails the first showing. As discussed above, Plaintiff has not demonstrated that the ALJ failed to adequately develop the record. Plaintiff does not show that additional evidence was necessary, or that the ALJ's decision was based on insufficient facts. *See id.*; *Ripley*, 67 F.3d at 557. There is no requirement that an ALJ must specifically discuss each piece of evidence in his or her decision. *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). Plaintiff's claim that the ALJ "failed to address" an MRI and CT scan performed on September 24, 2010, does not on its own present a basis for remand, especially considering Plaintiff concedes the ALJ thoroughly discussed objective medical evidence prior to and subsequent to such MRI and CT scan during the alleged period of disability.[3] *Id.*

As he cannot demonstrate that the ALJ failed to develop the record, Plaintiff fails the second showing because he cannot demonstrate that he was prejudiced thereby. *See Brock*, 84 F.3d at 728.

In sum, Plaintiff has not shown that he presented evidence sufficient to raise a suspicion of a non-exertional impairment. *See id.* Thus, Plaintiff has not shown a consultative examination was necessary. *See id.*; *Anderson*, 887 F.2d at 634. Substantial evidence supports the ALJ's determinations, *see Perales*, 402 U.S. 389, so this court should not disturb them. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Newton*, 209 F.3d at 452.

---

[3] Plaintiff acknowledges the ALJ details the objective medical evidence throughout the alleged period of disability, including prior and subsequent to the September 24 MRI and CT scan. *See* Pl.'s Br. 7; Tr. 19–21. Without commenting on the particular findings of the September 24 tests, the court notes that Plaintiff does not dispute the remainder of the body of medical evidence, which at minimum constitutes substantial evidence to support the ALJ's determinations. *See Richardson*, 402 U.S. at 390.

## V. CONCLUSION

For the foregoing reasons, it is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 24th day of February, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**